

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

JEFFREY ALLEN HAGA, #358909 / 1189468,

        Petitioner,

v.                                ACTION NO. 2:09cv203

GENE M. JOHNSON,
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

Petitioner Jeffrey Alan Haga ("Haga") was convicted following a bench trial on February 14, 2006, in the Circuit Court for Prince Edward County of forcible sodomy of a twelve-year-old boy. He was sentenced to 40 years in prison with thirty years suspended. He appealed, arguing the evidence was insufficient to support his conviction. His conviction was affirmed by a judge of the Court of Appeals of Virginia on November 15, 2006, and by a three-judge panel of that Court on January 26, 2007. The Supreme Court of Virginia refused Haga's petition for appeal on August 8, 2007, and his petition for rehearing on September 24, 2007. Haga's habeas petition to the Supreme Court of Virginia, alleging ineffective assistance of counsel, was dismissed on December 2, 2008.

Haga filed the present petition on May 4, 2009. Respondent filed a Rule 5 Answer and Motion to Dismiss [Doc. 11] to which Haga responded. In addition, Haga filed a Motion to Amend and Expand the Record on October 9, 2009 [Doc. 18]. The motion is GRANTED, and the Court will consider the assertions made in Haga's submission. Accordingly, this matter is now ripe for adjudication.

**Grounds Alleged**

Haga asserts that he is entitled to relief under 28 U.S.C. § 2254 because:

(1)(a) the trial judge had a conflict of interest as he was related to Haga's estranged wife,

(1)(b) he was denied effective assistance of counsel due to counsel's refusal to file a motion to recuse the judge;

(2) he was denied effective assistance of counsel due to counsel's failure to put on mental health evidence through a defense expert concerning Haga's mental health, including his competency to stand trial, his low IQ, and his lifelong mental health issues;

(3) he was denied effective assistance of counsel due to counsel's failure to effectively impeach the twelve-year-old victim; and,

(4) he was denied effective assistance of counsel due to counsel's failure to pursue a defense of diminished capacity which rendered Haga's statement to police coerced.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as

those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Ground (1)(a) was not alleged in Haga's direct appeal to the Supreme Court of Virginia or in his habeas petition to the Supreme Court of Virginia. Moreover, nowhere in his federal petition has Haga shown the requisite cause and prejudice which this Court must find before considering the merits of a claim not first presented to the Supreme Court of Virginia. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Therefore, this Court recommends that Haga's Ground (1)(a) be DISMISSED as procedurally defaulted.

Haga's remaining claims are exhausted because they were presented to the Virginia Supreme Court in his state habeas petition.

### B. Merits

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2006).

3

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

The Virginia Supreme Court thoroughly considered the claims reflected in Grounds (1)(b) through Ground (4) of the instant petition, and thereafter dismissed them on the merits. With respect to Ground (1)(b), alleging counsel was ineffective for failing to move for the trial judge's recusal, the Court noted that "[t]he record, including the trial transcripts and the affidavit of counsel, demonstrates that petitioner did not report the alleged relationship [the trial judge's familial relationship with Mr. Haga's estranged wife] to counsel or ask that the judge be removed from the case." Haga v. Dir. of the Dep't of Corrections, No. 081168, slip op. at 1-2 (Va. Dec. 2, 2008). Further, trial counsel recalled the trial judge listening attentively to the evidence. Id.

Addressing Haga's claim in Ground (2) that counsel was ineffective for failing to put on mental health evidence through a defense expert, the Court found "the record, including the trial transcript and the independent psychological evaluation conducted by Dr. Evan Nelson, demonstrates that [Haga] was competent to stand trial." Id. at 2. Furthermore, "counsel investigated and presented petitioner's mental health evidence at sentencing through additional testimony and the pre-sentence report." Id. at 2-3.

With respect to Ground (3) alleging counsel was ineffective for failing to effectively impeach the twelve-year-old victim, the Supreme Court of Virginia found that counsel "cross-examined the

4

victim at trial regarding his previous inconsistent statements," the only means of impeachment Haga contends counsel should have pursued. Id. at 3. Lastly, in regards to Haga's assertion that his confession was coerced, the Court noted that Haga "waived his rights and gave a taped statement to the police and then, on his own, provided a written statement so it would be 'on file.'" Id. at 3-4. Further, the Court stated counsel had no reason to question the confession's validity, because Haga told counsel the confession was accurate. Id. at 4. The Court concluded that none of Haga's claims, which mirror those listed in Grounds (1)(b) through (4), satisfied the performance or prejudice prongs of Strickland v. Washington, 466 U.S. 668, 687 (1984). Id. at 1-4. Because there is no indication from the record that the Supreme Court of Virginia's adjudication of Haga's claims was contrary to, or involved an unreasonable application of, clearly established federal law or that it resulted in a decision based on an unreasonable determination of the facts, this Court recommends denial of Haga's Grounds (1)(b) through (4).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Haga's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED. Haga's Ground (1)(a) should be DENIED because it was never raised to the Virginia state courts and Haga has shown no cause for failing to present the claim and no prejudice resulting therefrom which this Court must find before considering the merits of the claim. Haga's Grounds (1)(b) through (4) should be DENIED because they were previously adjudicated by the Supreme Court of Virginia on the merits and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Furthermore, Haga has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of

5

appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                                                             /s/
                                           Tommy E. Miller
                                  United States Magistrate Judge

Norfolk, Virginia
February 12, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jeffrey Allan Haga, #358909 / 1189468
Dillwyn Correctional Center
1522 Prison Road
Dillwyn, VA 23936


Leah Ann Darron, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                      Fernando Galindo, Clerk

                              By *[signature]*
                                  Clerk of the Court

                                    February 12, 2010