UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JEFFREY ALLEN HAGA, #358909 / 1189468,

    Petitioner,

v.    ACTION NO. 2:09cv203

GENE M. JOHNSON,
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. §2254. The Court issued its original Report and Recommendation on February 12, 2010, [Doc. No. 20] and the petitioner filed his objections on February 24, 2010 [Doc. No.21]. Subsequently, the Court issued an order referring the matter to the undersigned for a supplemental Report and Recommendation, specifically addressing Petitioner's claim that he had exhausted Ground 1(a) concerning alleged bias on the part of the trial judge, effectively depriving him of due process [Doc. No. 21.] Accordingly, the matter was again referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. In addition to the reasons set forth in the original Report and Recommendation for denying the balance of the petition, the Court recommends denying Ground 1(a) for the reasons that follow.

### I. STATEMENT OF THE CASE

Petitioner Jeffrey Alan Haga ("Haga") was convicted following a bench trial on February 14, 2006, in the Circuit Court for Prince Edward County of forcible sodomy of a twelve-year-old

boy. He was sentenced to 40 years in prison with thirty years suspended. He appealed, arguing the evidence was insufficient to support his conviction. His conviction was affirmed by a judge of the Court of Appeals of Virginia on November 15, 2006, and by a three-judge panel of that court on January 26, 2007. The Supreme Court of Virginia refused Haga's petition for appeal on August 8, 2007, and his petition for rehearing on September 24, 2007. Haga's habeas petition to the Supreme Court of Virginia was dismissed on December 2, 2008.

Haga filed the present petition on May 4, 2009. Respondent filed a Rule 5 Answer and Motion to Dismiss [Doc. 11] to which Haga responded. In addition, Haga filed a Motion to Amend and Expand the Record on October 9, 2009 [Doc. 18.] Additionally, Haga filed Objections to the Original Report and Recommendation [Doc. No. 20], and a Supplemental Response to Ground 1(a) [Doc. No. 25], necessitating federal review of the issue presented regarding the trial judge's familial relationship with Haga's estranged wife.

**Grounds Alleged**

Haga asserts that he is entitled to relief under 28 U.S.C. § 2254 because:

(1)(a)  the trial judge had a conflict of interest as he was related to Haga's estranged wife (Pet. at 3.)

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C.A. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp.

1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Contrary to the Court's finding in the original Report and Recommendation, Ground 1(a) *was* alleged by Haga in his state habeas petition to the Supreme Court of Virginia. As pointed out, Haga did raise Ground 1(a) before the Supreme Court of Virginia when he alleged that the trial judge had a conflict of interest and should have recused himself (State Habeas Pet. at 1-2.) The fact that Haga did raise the "essential legal theory" of Ground 1(a) renders the claim exhausted, and thus appropriate for this Court to review under Pruett. 771 F. Supp. at 1436 (E.D.Va. 1991).

### B. Merits

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C.A. § 2254(d)(1)-(2) (2010).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386

(2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

Although The Virginia Supreme Court dismissed Haga's petition without addressing the claim regarding his due process rights and the trial judge's recusal, the Court did thoroughly considered the claims reflected in Grounds 1(b). As stated before in the original Report and Recommendation, with respect to Ground 1(b), alleging counsel was ineffective for failing to move for the trial judge's recusal, the Supreme Court of Virginia conducted the proper Strickland v. Washington test, 466 U.S. 668 (1984), and noted that "[t]he record, including the trial transcripts and the affidavit of counsel, demonstrates that petitioner did not report the alleged relationship [the trial judge's familial relationship with Mr. Haga's estranged wife] to counsel or ask that the judge be removed from the case." Haga v. Dir. of the Dep't of Corrections, No. 081168, slip op. at 1-2 (Va. Dec. 2, 2008). Further, counsel recalled the trial judge listening attentively to the evidence and considered Haga's mental health history and background. Id. As a result, the Supreme Court of Virginia reasoned that Haga failed to show that his counsel's performance was deficient, or that there was a reasonable probability that, but for counsel's alleged errors the result of his case would have been different.

The thrust of Haga's argument with regard to Ground 1(a), and the narrowed scope of this Report and Recommendation, raises the issue whether the judge's failure to recuse himself was a due process violation.

Since the standard of review for a federal court in § 2254 cases is to verify the state court did not act in a way contrary to clearly established federal law, nor reach an unreasonable decision in

light of the facts, an analysis of the federal standard for recusal, although not binding, is illuminating since there is no Virginia law on point. The law governing recusal for federal judges requires a judge to recuse himself, among other times, when "[h]e or his spouse, or a person within the <u>third</u> degree of relationship to either of them: is a party to the proceeding, [or] . . . is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding" 28 U.S.C.A. § 455(b)(5)(i)&(iii) (2010) (emphasis added).

In this case, Haga alleged in his state habeas petition that the judge was the cousin of his estranged wife. Despite the fact that Haga did not share this information with his lawyer, nor did he move for recusal of the judge, the degree of familial relationship here is not prohibited by section 455(b)(5). Even if Haga, himself, were the first cousin of the judge, this degree of kinship would not qualify since a first cousin is considered the fourth degree of relationship. <u>United States v. Fazio</u>, 487 F.3d at 652-54 (8th Cir. 2007). Putting aside whether the trial judge was actually aware of the relationship between he and Haga, the alleged bias would be immaterial under the facts of this case. Thus, Haga fails to meet the federal statutory requirement to assert a deprivation of a protected right with regard to judicial recusal. In short, under 28 U.S.C. § 455, Haga cannot demonstrate that the judge's alleged bias was prohibited.

Moreover, federal courts have consistently held that section 455 and the Due Process Clause are not synonymous. In particular, section 455 establishes a statutory disqualification standard <u>more demanding</u> than that required by the Due Process Clause. <u>Aiken County v. BSP Div. of Envirotech Corp.</u>, 866 F.2d 661 (4th Cir. 1989) ("Allegations of bias or prejudice, however, involve difficult subjective determinations and 'only in the most extreme of cases would disqualification on this basis be constitutionally required.'" (<u>citing Aetna Life Ins. Co. v. Lavoie</u>, 475 U.S. 813, 821 (1986)));

5

United States v. Sypolt, 346 F.3d 838, 840 (8th Cir. 2003) (noting that since defendant's claim failed to pass muster under § 455, the court concluded that it could not survive the more rigorous standards required of a claim under the due process clause); United States v. Couch, 896 F.2d 78, 81 (5th Cir. 1990) (federal statute on judicial disqualification establishes statutory disqualifications standard more demanding than that required by due process clause, and, accordingly, conduct violative of statute may not be due process deficiency); see also Hardy v. United States, 878 F.2d 94 (2d Cir. 1989) (refusing to extend prisoner habeas corpus relief for alleged statutory, judicial bias claim); Bradshaw v. McCotter, 796 F.2d 100 (11th Cir. 1986) (holding that no constitutional violation was shown even though state appellate judge heard appeal when he should have disqualified himself as a former state prosecutor who signed state briefs). As stated above, if Haga's allegation could not meet the demanding federal statutory requirements regarding judicial recusal, then the assertion that the judge's failure to recuse himself was a constitutional violation is a bridge too far. As a result, since Haga failed to meet the more favorable standard applicable to section 455, the Court recommends that his due process claim fail as well.

Because there is no indication from the record that the Supreme Court of Virginia's adjudication of Haga's claim was contrary to, or involved an unreasonable application of, clearly established federal law or that it resulted in a decision based on an unreasonable determination of the facts, this Court recommends denial of Haga's Ground 1(a).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Haga's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED. Haga's Ground 1(a) should be DENIED because he failed to demonstrate that the Supreme Court of Virginia's dismissal

of his claim-based upon due process, was a violation of clearly established federal law or an unreasonable determination of the facts in light of the evidence.

Furthermore, Haga has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984).

                                            /s/
                                Tommy E. Miller
                      United States Magistrate Judge

Norfolk, Virginia
May 11, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jeffrey Allan Haga, #358909 / 1189468
Dillwyn Correctional Center
1522 Prison Road
Dillwyn, VA 23936


Leah Ann Darron, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

May 12, 2010