# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division



JEFFREY ALLEN HAGA, #358909 / 1189468,

    Petitioner,

v.       ACTION NO. 2:09cv203

GENE M. JOHNSON,
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's convictions on February 14, 2006, in the Circuit Court for Prince Edward County for forcible sodomy with a person under the age of thirteen, as a result of which he was sentenced to serve forty years in the Virginia penal system with thirty years suspended.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Original Report and Recommendation filed February 12, 2010, recommended that Ground (1)(a) of the petition be denied because it was never raised in Virginia state courts and Petitioner had shown no cause for failing to present the claim and no prejudice resulting therefrom. Further, the Report and Recommendation recommended that Grounds (1)(b) through (4) be denied because they were previously adjudicated by the Supreme Court of Virginia on the merits and there was no indication that the decision violated

clearly established federal law, or was based on an unreasonable determination of the facts.

Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On February 24, 2010, the Court received Petitioner's initial Objections to the Report and Recommendation. [Doc. 21.] Petitioner objected to the recommendation that Ground 1(a), asserting conflict of interest, be dismissed for failure to exhaust. Petitioner claimed he asserted the ground in his habeas petition filed with the Supreme Court of Virginia. (Init. Objs. at 2.) Based on this objection, the Court Ordered a Supplemental Report and Recommendation to address the narrow issue whether Petitioner raised Ground 1(a) to the Supreme Court of Virginia, and thus exhausted this claim.

The Supplemental Report and Recommendation found that Petitioner had in fact raised Ground 1(a) to the Supreme Court of Virginia, therefore, the issue was properly before this Court. Still, after reviewing the merits of the argument, the Magistrate Judge found that Petitioner's argument lacked merit because there is no Virginia law that requires judicial recusal in the type of familial situation complained of, and federal courts do not recognize a requirement for recusal, let alone a due process violation, if a judge fails to recuse in similar situations. See 28 U.S.C.A. § 455(b)(5)(i)&(iii) (2010); Aiken County v. BSP Div. of Envirotech Corp., 866 F.2d 661 (4th Cir. 1989).

Again, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. This time, on May 25, 2010, the Court received Petitioner's secondary Objections to the Report and Recommendation. [Doc. 27.] In this set of objections, Petitioner remarked that (1) he did mention to his attorney that there was a conflict of interest, (2) the trial judge did not listen attentively, and (3) the trial judge did not have first person

accounts of Petitioner's mental health. (Sec. Objs. at 1.)

The Court adopts the reasoning of the Magistrate Judge, and finds that even if what Petitioner claims in his secondary objections is true, he fails to show how the Supreme Court of Virginia's decision regarding the trial judge's alleged failure to recuse himself resulted in a violation of clearly established federal law, or was an unreasonable decision in light of the facts. As such, the Court DENIES Petitioner's Ground 1(a), taking into consideration his multiple objections to the Magistrate Judge's Reports and Recommendations.

Furthermore, the Court adopts the findings of the Magistrate Judge's Original Report and Recommendation [Doc. No. 20] with respect to claims 1(b)- 4. Petitioner has failed to make a showing that the Supreme Court of Virginia violated clearly established federal law, or made a decision based on an unreasonable determination of the facts.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Reports and Recommendations, and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed February 12, 2010, to the extent it applies to Petitioner's Grounds 1(b)- 4, and the Report and Recommendation filed May 12, 2010, as it applies to Ground 1(a). It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this

Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/ MSD
**Mark S. Davis**
**United States District Judge**

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
~~June~~ July 2, 2010